UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:24-cv-02748-DOC-KES                              Date: December 30, 2024

Title: Nathanael Jacob Kresge v. FCA US, LLC, et al

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Karlen Dubon | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):  ORDER REMANDING CASE TO STATE COURT**

On the Court's own motion, the Court hereby REMANDS this case to the Superior Court of California, County of Orange.

**I.  Background**

Plaintiffs sued Defendants in County of Orange Superior Court for alleged violations of California's Song-Beverly Act connected to their purchase of a 2017 RAM 1500, the subject vehicle. *See generally* Complaint ("Compl.") (Dkt. 1-Exhibit A).

Plaintiffs originally filed suit in the Superior Court of California, County of Orange, on August 14, 2024. *See* Notice of Removal ("Notice") (Dkt. 1), at 1. On December 18, 2024, Defendants FCA US, et al. removed the action to this Court, asserting diversity jurisdiction. *Id*.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:24-cv-02748-DOC-KES  Date: December 30, 2024
 Page 2

## II. Legal Standard

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Removal of a case from state court to federal court is governed by 28 U.S.C. § 1441, which provides in relevant part that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441. This statute "is strictly construed *against* removal jurisdiction," and the party seeking removal "bears the burden of establishing federal jurisdiction." *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988) (emphasis added) (citations omitted).

Federal diversity jurisdiction requires that the parties be citizens of different states and that the amount in controversy exceed $75,000. 28 U.S.C. § 1332(a). For diversity jurisdiction purposes, a corporation is "deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). The presence of any single plaintiff from the same state as any single defendant destroys "complete diversity" and strips the federal courts of original jurisdiction over the matter. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005).

Generally, a removing defendant must prove by a preponderance of the evidence that the amount in controversy satisfies the jurisdictional threshold. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2008). If the complaint affirmatively alleges an amount in controversy greater than $75,000, the jurisdictional requirement is "presumptively satisfied." *Id.* In that situation, a plaintiff who then tries to defeat removal must prove to a "legal certainty" that a recovery of more than $75,000 is impossible. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938); *Crum v. Circus Enters.*, 231 F.3d 1129, 1131 (9th Cir. 2000). This framework applies equally to situations where the complaint leaves the amount in controversy unclear or ambiguous. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992); *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403-04 (9th Cir. 1996).

A removing defendant "may not meet [its] burden by simply reciting some 'magical incantation' to the effect that 'the matter in controversy exceeds the sum of [$75,000],' but instead, must set forth in the removal petition the underlying facts supporting its assertion that the amount in controversy exceeds [$75,000]." *Richmond v.*

Case 8:24-cv-02748-DOC-KES   Document 11   Filed 12/30/24   Page 3 of 5   Page ID #:364

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:24-cv-02748-DOC-KES                                                            Date: December 30, 2024
                                                                                                                    Page 3

*Allstate Ins. Co.*, 897 F. Supp. 447, 450 (S.D. Cal. 1995) (quoting *Gaus*, 980 F.2d at 567). If the plaintiff has not clearly or unambiguously alleged $75,000 in its complaint or has affirmatively alleged an amount *less* than $75,000 in its complaint, the burden lies with the defendant to show by a preponderance of the evidence that the jurisdictional minimum is satisfied. *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1106-07 (9th Cir. 2010); *Guglielmino*, 506 F.3d at 699.

While the defendant must "set forth the *underlying facts* supporting its assertion that the amount in controversy exceeds the statutory minimum," the standard is not so taxing so as to require the defendant to "research, state, and *prove* the plaintiff's claims for damages." *Coleman v. Estes Express Lines, Inc.*, 730 F. Supp. 2d 1141, 1148 (C.D. Cal. 2010) (emphases added). In short, the defendant must show that it is "more likely than not" that the amount in controversy exceeds the statutory minimum. *Id*. Summary judgment-type evidence may be used to substantiate this showing. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090–91 (9th Cir. 2003); *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997). For example, defendants may make mathematical calculations using reasonable averages of hourly, monthly, and annual incomes of comparable employees when assessing the amount in controversy in a wrongful termination suit. *Coleman*, 730 F. Supp. 2d. at 1148–49.

If the court lacks subject matter jurisdiction, any action it takes is ultra vires and void. *See Gonzalez v. Crosby*, 545 U.S. 524, 534 (2005); *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94, 101–02 (1998). The lack of subject matter jurisdiction may be raised at any time by either the parties or the court. Fed. R. Civ. P. 12(h)(3). If subject matter jurisdiction is found to be lacking, the court must dismiss the action, *id.*, or remand pursuant to 28 U.S.C. § 1447(c). A court may raise the question of subject matter jurisdiction *sua sponte*. *See Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002).

### III. Discussion

Here, Plaintiffs do not expressly allege an amount in controversy over $75,000. *See* Notice at 7. Accordingly, Defendant must show by a preponderance of the evidence that the jurisdictional minimum is satisfied. *See Geographic Expeditions, Inc.*, 599 F.3d at 1106-07; *Guglielmino*, 506 F.3d at 699.

Defendant argues that the Court has diversity jurisdiction. Notice at 4. Defendant argues that the amount in controversy requirement is met based on the sale price of the vehicle at issue, attorneys' fees and costs, and a civil penalty. Notice at 8. However, the price of the car alone is only $33,995. *Id.* at 7. This total sale price is below the required

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:24-cv-02748-DOC-KES　　　　　　　　　　　　　　　Date: December 30, 2024
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Page 4

amount in controversy. While Plaintiffs *might* have suffered more than $75,000 in damages as a result of Defendant's conduct and product, the record currently before the Court does not support that conclusion.

Further, the Court will not include speculative civil penalties or attorneys' fees to meet the amount in controversy requirement. *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) ("We hold that where an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees *may* be included in the amount in controversy.") (emphasis added).

The Court's decision not to include speculative awards in the amount in controversy is reinforced by the fact that Congress has not raised the amount in controversy since 1996—nearly three decades ago.[1] *See* The Federal Courts Improvement Act of 1996, 110 Stat. 3850. Since then, the inflation rate is nearly 100% (*i.e.*, prices have almost doubled). Thus, adjusted for inflation, the amount in controversy should be around $150,000. Stated conversely, a case worth $75,000 in 1996 is worth only $37,500 in today's dollars. Because inflation has plainly decreased the "real" value of the amount in controversy, more and more cases are able to meet the jurisdictional threshold and can be brought in federal court. As federal diversity jurisdiction expands, state court jurisdiction to decide purely state law issues and develop state law correspondingly decreases. Thus, the federal jurisdictional creep is incompatible with the most basic principles of federalism.

Federalism is not the only loser in Congress's failure to increase the amount in controversy. When a case is improperly removed, as happened here, ultimate resolution is delayed. Moreover, if a court does not immediately remand a case sua sponte, a plaintiff may move to remand. Because cases subject to motion to remand are typically small dollar cases, this increased motion work can quickly cause attorneys' fees to outrun any potential recovery and places an immense burden on a plaintiff's lawyer working on contingency. In this respect, the current low jurisdictional threshold reduces access to justice. Therefore, the Court respectfully encourages Congress to reconsider the amount in controversy minimum.

Accordingly, the Court finds that Defendant has not shown by a preponderance of the evidence that the amount in controversy exceeds $75,000. Thus, the Court finds that it lacks diversity jurisdiction over this matter.

---

[1] For reference, in 1996, the minimum wage was $4.75 per hour, and only 16% of Americans had cell phones. Indeed, the current amount-in-controversy is older than both of my law clerks.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 8:24-cv-02748-DOC-KES | Date: December 30, 2024 |
| | Page 5 |

### IV. Disposition

For the reasons set forth above, the Court hereby **REMANDS** this case to the Superior Court of County of Orange, California. Accordingly, the Scheduling Conference set for February 24, 2025 is VACATED and removed from calendar.

The Clerk shall serve this minute order on the parties.

| | |
|---|---|
| MINUTES FORM 11 | Initials of Deputy Clerk: kdu |
| CIVIL-GEN | |